IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| TANYA RENEE HENDERSON, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 1:23-CV-136-MJT-CLS |
| JASPER CITY POLICE DEPARTMENT, FNU GRAY, and FNU AVERHART, | § § § § | |
| *Defendants*. | § § | |

**REPORT AND RECOMMENDATION ON DEFENDANTS
CITY OF JASPER AND BRIAN GRAY'S MOTION TO SET ASIDE
DEFAULT AND FOR ENTRY OF BRIEIFNG SCHEDULE (Doc. #21)**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred this proceeding to the undersigned magistrate judge to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. 28 U.S.C. § 636(b)(1); E.D. TEX. LOC. R. CV-72. Pending before the court is Defendants City of Jasper and Brian Gray's Motion to Set Aside Default and for Entry of Briefing Schedule. (Doc. #21.) After review, the undersigned recommends granting the motion.

**I.   Background and Procedural History**

On April 6, 2023, Plaintiff filed suit against Defendants Jasper City Police Department (a non-jural sub-unit of City of Jasper), Gray, and Averhart, for violations of her constitutional rights. (Doc. #1 at 6.) On May 12, 2023, the undersigned issued an order directing service of summons and complaint on Defendants City of Jasper Police Department, Gray and Averhart. (Doc. #7.) Returns of service were filed for City of Jasper Police Department and Gray on May 22, 2023. (Docs. #10, #11.) On September 25, 2023, the undersigned ordered the Clerk of the Court to enter

default against Defendants City of Jasper Police Department and Gray (hereinafter "Defendants") pursuant to Rule 55(a) as neither Defendant answered Plaintiff's complaint. (Doc. #19.) On September 26, 2023, the Clerk of Court entered default against Defendants. (Doc. #20.)

On November 14, 2023, Defendants filed the instant motion. (Doc. #21.) Defendants argue that their failure to respond to Plaintiff's complaint is excused by Plaintiff's failure to issue proper service on either Defendant, that Plaintiff will not suffer any prejudice regarding the merits of her claims, and that Defendants plan to assert meritorious defenses. (*Id.* at 2.) On November 27, 2023, Plaintiff filed a letter to the court which largely repeated the facts of the case, but also argues that Defendants failed to timely challenge the Clerk's entry of default. (Doc. #23.) Defendants replied on December 5, 2023, construing the letter as a response to their motion to set aside default and noting that Plaintiff failed to address Defendant's legal arguments. (Doc. #26.)

## II. Legal Standard

Federal Rule of Civil Procedure 55(c) states that the court "may set aside an entry of default for good cause." In deciding whether to set aside a default, the court can consider: (1) whether the default was willful; (2) whether setting it aside would prejudice the adversary; and (3) whether a meritorious defense is presented. *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992*); see also Buckley v. Donohue Indus.*, Inc., 100 Fed. App'x 275, 278 (5th Cir. 2004) (unpublished). These factors are not exclusive, and the court can also consider "whether the public interest was implicated, whether there was a significant financial loss to the defendant, and whether the defendant acted expeditiously to correct the default." *Dierschke v. O'Cheskey*, 975 F.2d 181, 183 (5th Cir. 1992) (internal quotations omitted).

2

**III.     Discussion**

   *a. Default on Defendant Gray*

Plaintiff served Defendant Gray on May 19, 2023, by providing process of service to Jasper City Chief of Police at Defendant Gray's place of employment. (Doc. #11.) Under the Federal Rules of Civil Procedure, a Plaintiff must serve an individual as follows:

> (e) Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>
> > (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> >
> > (2) doing any of the following:
> >
> > > (A) delivering a copy of the summons and of the complaint to the individual personally;
> > >
> > > (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> > >
> > > (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process. FED. R. CIV. P. 4(e).

Under Texas law, service must be delivered in person or by registered or certified mail to Defendant. TEX. R. CIV. P. 106(a). If those means prove unsuccessful, a plaintiff may request that the court authorize alternative service. TEX. R. CIV. P. 106(b).

As Defendant Gray was not served in conformity with the Federal Rules of Civil Procedure, the undersigned finds Defendant Gray's failure to respond was not willful and recommends that the default against Defendant Gray be set aside. *See Rogers v. Hartford Life & Acc. Ins. Co.*, 167 F.3d 933, 940 (5th Cir. 1999); *Charah, LLC v. Mueller-Brown Milling Sols. LLC*, No. 3:19-CV-2794-B, 2020 WL 1692953, at *2 (N.D. Tex. Apr. 7, 2020); *Titan Global Holdings, Inc. v. Evan*, No. 3:08-CV-0085-N, 2008 WL 11435706, at *4 (N.D. Tex. Oct. 30, 2008).

*b. Default on Defendant City*

The Federal Rules of Civil Procedure provides that a city must be served by "(A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." FED R. CIV. P. 4(j)(2).[1]  On May 12, 2023, in accordance with the Federal Rules of Civil Procedure, the undersigned ordered the United States Marshal[2] to serve process on Defendant City[3] by way of personal service on Mayor Land.  (Doc. #7.)  The sworn return of service from the United States Marshal states the mayor was personally served on May 19, 2023.  (Doc. #10.)  Defendants, without evidentiary support, assert in their motion that Defendant City's mayor was not personally served, but rather process of service was left at the mayor's place of employment.  (Doc. #21 at 2.)  This unsupported claim does not, on its own, support the finding that service on Defendant City was defective.  Accordingly, the undersigned finds Defendant City's failure to respond was willful.

However, the undersigned recommends setting aside the default on Defendant City because of the other two factors in Federal Rule of Civil Procedure 55(c).  First, the record does not suggest Plaintiff will experience sufficient prejudice to merit denying Defendants' motion.  Plaintiff correctly notes that Defendants failed to timely answer her complaint or respond to her request for default. (Doc. #23 at 2-3.)  Prejudice under Rule 55(c), however, refers to issues one will face in arguing the merits of their claims, such as the "loss of evidence." *Lacy v. Sitel Corp.*, 227 F.3d

---

[1] The undersigned notes that Defendant City refers to Federal Rule of Civil Procedure 4(h) in their motion.  That rule applies to service on corporations, partnerships, and associations, not units of local government.
[2] Plaintiff is proceeding *in forma pauperis* and, therefore, service is conducted by the United States Marshal Service.
[3] Service on the city was appropriate as claims against the City of Jasper Police Department are claims against the city.  The police department is not a jural entity capable of being sued.

290, 293 (5th Cir. 2000). Second, Defendant City has demonstrated a willingness to directly engage in a meritorious defense. (Doc. #21 at 8.)

      c. *Request for Leave to File Late Responsive Pleadings*

Defendants request the court grant "leave to file a responsive pleading no later than December 5, 2023." (Doc. #21 at 2.) As the requested extension date of December 5, 2023, has passed, the undersigned finds it appropriate to grant Defendants additional leave to file responsive pleadings. Therefore, Defendants must file their answer or other responsive pleading within seven days of an order adopting this Report and Recommendation.

## IV. Recommendation

The undersigned recommends **GRANTING** Defendants City of Jasper and Brian Gray's Motion to Set Aside Default and for Entry of Briefing Schedule. (Doc. #21.) The court should **SET ASIDE** defaults as to Defendants City and Gray. Upon adoption of this Report and Recommendation by the court, Defendants shall file their answer or other responsive pleading within seven days.

## V. Objections

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this the 6th day of December, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE