IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| TANYA RENEE HENDERSON, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:23-CV-136-MJT-CLS |
| | § | |
| JASPER CITY POLICE DEPARTMENT, | § | |
| FNU GRAY, and FNU AVERHART, | § | |
| | § | |
| *Defendants*. | § | |

**REPORT AND RECOMMENDATION ON
DEFENDANTS' MOTION TO DIMISS (Doc. #39.)**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred this proceeding to the undersigned magistrate judge to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. TEX. LOC. R. CV-72. Pending before the court is Defendants' Motion to Dismiss Plaintiff's Original Complaint. (Doc. #39.) After review, the undersigned recommends granting the motion.

I.   **Plaintiffs' Claims and Procedural History**

Plaintiff, proceeding *pro se*, claims that officers of the Jasper Police Department—Defendants Officer Gray and Sergeant Averhart—violated her constitutional rights when they entered her home on June 9, 2022, and falsely arrested her. (Doc. #1.) She lists the defendants as Jasper City Police Department, Officer Gray and Sergeant Averhart. The Defendants, City of Jasper, improperly named as Jasper Police Department, Officer Brian Gray and Sergeant Barrece Averhart, filed a motion to dismiss on January 24, 2024. (Doc. #39.) Under the Eastern District

1

Local Rules, a response to the motion to dismiss was due no later than February 7, 2024. No response was filed by that date.

On February 12, 2024, the undersigned conducted the Rule 16 case management conference on the record. (Doc. #43.) Plaintiff was present as was counsel for Defendants. Recognizing that Plaintiff was *pro se* and might not be aware of her obligation to respond to the motion to dismiss or to do so within 14 days, the undersigned advised her obligation to respond to the motion to dismiss. The undersigned specifically ordered Plaintiff to file a response to the motion to dismiss no later than March 1, 2024. Following the case management conference, the undersigned issued a written order directing the Plaintiff to file a response to the motion to dismiss no later than March 1, 2024. (Doc. #44.) To date, no response has been filed.

In their motion to dismiss, the Defendants assert that the Plaintiff fails to state a claim upon which relief can be granted. Specifically, they assert that Jasper Police Department is not a proper defendant as it is simply a department of the City of Jasper, and as such cannot be a named defendant. Defendants also assert that Officer Gray and Sergeant Averhart cannot be liable in their official capacities, and that are entitled to qualified immunity to the extent they are sued in their individual capacities. Finally, Defendants assert that Plaintiff fails to plead a proper Fourth Amendment claim because probable cause existed for Plaintiff's arrest and that no *Monell* claim has been properly pled against the City of Jasper. (Doc. #39.) Accordingly, Defendants ask this court to dismiss with prejudice Plaintiffs' claims against them under Federal Rule of Civil Procedure 12(b)(6).

## II. Legal Standard

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the complaint must contain sufficient facts, which accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To be plausible, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Great Lakes Dredge & Dock Co. LLC v. Louisiana*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly,* 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Rule 12(b)(6) must be read in tandem with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *see also Iqbal*, 556 U.S. at 677-78; *Twombly,* 550 U.S. at 555. To decide whether the complaint states a valid claim for relief, the court accepts all well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Great Lakes Dredge,* 624 F.3d at 210. However, the court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007)). "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal,* 556 U.S. at 679. The inquiry focuses on the allegations in the pleadings and not on whether the plaintiff has sufficient evidence to succeed on the merits. *Ackerson v. Bean Dredging, LLC*, 589 F.3d 196, 209 (5th Cir. 2009).

Proceeding *pro se,* Plaintiffs' pleadings are necessarily held to "less stringent standards than formal pleadings drafted by lawyers," and are liberally construed by the court. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Perez v. United States*, 312 F.3d 191, 194-95 (5th Cir. 2002).

### III.     Discussion and Analysis

#### A. Defendants' Motion to Dismiss Pursuant to 12(b)(6)

##### 1. *Abandonment of Claims*

Plaintiff's lack of response to Defendants' motion to dismiss constitutes an abandonment. "A party's failure to respond to arguments raised in a motion to dismiss constitutes waiver or abandonment of those issues at the district court level." *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (affirming that a plaintiff's failure to "defend" her claims against arguments raised in "the defendant's motion to dismiss … constituted abandonment" of those claims). Further, a party's failure to oppose a motion in the manner prescribed by rule creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion. *See* E.D. TEX. LOC. R. CV-7(d); *Frase v. McCormick*, No. 5:19-CV-139, 2020 WL 5665097, at *1 (E.D. Tex. Aug. 17, 2020) ("Plaintiff did not file a response to the motion to dismiss and has thus abandoned his claims"); *Thymes v. Gillman Cos.*, No. H-17-2834, 2018 WL 3025045, at *2 (S.D. Tex. Jun. 18, 2018) (finding that a plaintiff's failure to respond to a defendant's motion to dismiss permitted the court to "dismiss the claims as abandoned.").

As noted above, Plaintiff is proceeding *pro se* and absent other circumstances, the undersigned would be reluctant to hold that Plaintiff has abandoned her claims. However, as the undersigned specifically advised Plaintiff that a response was required to the motion and that it had to be filed no later than March 1, 2024, the undersigned may determine that the failure to file

a response is both an abandonment of her claims and an acknowledgment that she does not controvert the relief sought in the motion.

2. *Claims Against Defendant Jasper Police Department*

In her complaint, Plaintiff alleges claims against the City of Jasper Police Department. (Doc. #1.) A city police department, however, is not a jural entity capable of being sued. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991) (noting the general rule that city departments do "enjoy a separate legal existence"); *Franklin v. City of Paris Police Dep't*, No. 4:22CV161, 2023 WL 5734935, at *2 (E.D. Tex. Aug. 3, 2023), *R&R adopted*, No. 4:22CV161, 2023 WL 5725520 (E.D. Tex. Sept. 5, 2023) (collecting cases). Instead, a city is "the proper defendant" when its departments' actions lead to legal controversy. *Brooks v. Fort Worth Police Dep't*, No. 4:22-CV-671-P, 2022 WL 3905228, at *1 (N.D. Tex. Aug. 15, 2022) *R&R adopted*, No. 4:22-CV-0671-P, 2022 WL 3928388 (N.D. Tex. Aug. 30, 2022) (finding, in a case against a city police department, that "[t]he proper defendant is the city in which the department resides").

After a liberal reading of *pro se* Plaintiff's complaint, the undersigned construes Plaintiff's claims against Jasper Police Department as claims against City of Jasper. Claims against the Japer Police Department should be dismissed, but the City of Jasper should be substituted as the correct defendant.

3. *No governmental liability under Monell against the City of Jasper*

In defense of the City, Defendants directs the court to Supreme Court precedent in *Monell v. Dept. of Soc. Servs. of City of New York,* 436 U.S. 658, 694 (1978) and argues that that there is no governmental liability based on *respondeat superior* for constitutional violations. The undersigned agrees with Defendants. To assert a plausible claim against a governmental entity under Section 1983, a plaintiff must allege that the entity has an official policy that violates an

5

individual's constitutional rights. *Bryan County v. Brown*, 520 U.S. 397, 400 (1997); *Monell*, 436 U.S. at 691. An "official policy" is defined as a decision, ordinance, policy statement, or regulation that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority. *Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984). The official policy must be unconstitutional or, if not, must have been adopted "with deliberate indifference to the known or obvious fact that such constitutional violations would result." *James v. Harris County*, 577 F.3d 612, 617 (5th Cir. 2009).

The "official policy" requirement for government liability applies to the constitutional claims Plaintiff asserts here under the Fourth Amendment. *City of Oklahoma v. Tuttle*, 471 U.S. 808, 816-817 (1985). It also applies to any claims Plaintiff brings for prospective relief. *Los Angeles County v. Humphries*, 562 U.S. 29, 31 (2010).

In her complaint, Plaintiff fails to articulate an official policy, statement, regulation, or custom adopted and promulgated by City of Jasper that was the moving force behind any alleged constitutional violation. As a result, the undersigned recommends that the claims for constitutional violations under the Fourth Amendment be dismissed. As Plaintiff has failed to file either an amended complaint or a response to the motion to dismiss addressing this pleading deficiency, the undersigned determines that the Plaintiff has abandoned these claims and no leave to amend should be granted.

4. *Claims against Defendants Gray and Averhart in their official capacity*

The Defendants correctly note that any claims against Defendants Gray and Averhart in their official capacity "represent only another way of pleading an action" against the Defendant City of Jasper. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 n55 (1978). The Fifth Circuit has held that claims against a municipal officer sued in his official capacity

6

should be dismissed when they are duplicative of the claims against the entity. *Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001). As Plaintiff asserts claims against the municipality, the claims against the officers for Fourth Amendment violations in their official capacities should be dismissed.

     5. *Claims against Defendants Gray and Averhart in their individual capacity.*

As noted above, Defendants Gray and Averhart have moved for dismissal under 12(b)(6) on qualified immunity. Defendants argue that Defendant officers should be shielded from a false arrest claim by qualified immunity. (*Id.* at 26-30.) The doctrine of qualified immunity protects government officials from liability "so long as their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Lincoln v. Turner*, 874 F.3d 833, 847 (5th Cir. 2017) (quoting *Mullenix v. Luna*, 577 U.S. 7, 11 (2015)).

The Fifth Circuit holds that "[w]hen confronted with a qualified-immunity defense at the pleadings stage, the plaintiff must plead 'facts which, if proved, would defeat [the] claim of immunity.'" *Guerra v. Castillo*, 82 F.4th 278, 285 (5th Cir. 2023) (quoting *Waller v. Hanlon*, 922 F.3d 590, 599 (5th Cir. 2019)). To demonstrate the inapplicability of the qualified immunity defense, the plaintiff must satisfy a two-prong test. *Saucier v. Katz*, 533 U.S. 194, 200 (2001). The first prong is whether "the challenged conduct, viewed in the light most favorable to the plaintiff, would actually amount to a violation of [constitutional or] federal law." *Wernecke v. Garcia*, 591 F.3d 386, 392 (5th Cir. 2009) (citation omitted). The second is "whether the defendant's actions violated clearly established statutory or constitutional rights of which a reasonable person would have known." *Flores v. City of Palacios*, 381 F.3d 391, 395 (5th Cir. 2004) (citations omitted). A court may consider the two-pronged inquiry in any order. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). Furthermore, to survive a motion to dismiss based on

qualified immunity, a plaintiff must have pleaded that the official violated a constitutional right and that the constitutional right was clearly established.

A constitutional claim of false arrest requires the plaintiff to assert that no probable cause existed for his or her arrest. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). In the case, where a plaintiff is arrested pursuant to a warrant, a claim for false arrest can only proceed if the Plaintiff sufficiently alleges that the warrant was obtained improperly such as through the use of fraudulent affidavits or by misleading the issuer of the warrant. *McLin v. Ard*, 866 F.3d 682, 695 (5th Cir. 2017.) Here, Plaintiff's complaint fails to state that the defendant officers misled the magistrate in obtaining the arrest warrant sufficient to overcome the first prong of the qualified immunity defense. The attachments to the Plaintiff's complaint, which the undersigned can consider, show that the arrest was incident to a warrant. (Doc. #1.) Further, by failing to respond to the motion to dismiss, Plaintiff has acknowledged that she cannot do so. The Defendant officers are entitled to qualified immunity and the claims against them should be dismissed with prejudice.

### IV.   Recommendation

For the foregoing reasons, the undersigned recommends Defendants' Motion to Dismiss (doc. #39) should be **GRANTED**. The undersigned finds that Plaintiff has failed to state claims for which relief could be granted under §1983 against any of the defendants. Accordingly, all claims against the Defendants should be **DISMISSED** with prejudice under FED. R. CIV. P. 12(b)(6).

### V.   Objections

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding

or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Without leave of court, objections are limited to **eight (8) pages**. E.D. TEX. LOC. R. CV-72(c).

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this the 15th day of March, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE